# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PEOPLE'S UNITED BANK,
*Plaintiff*,

v.                                          No. 3:17-cv-00723 (VAB)

MICHAEL C. CULVER,
*Defendant.*

## RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT

On May 2, 2017, People's United Bank ("People's United" or "Plaintiff") sued *pro se* defendant, Michael C. Culver ("Defendant"),  for two counts of breach of guaranty for two loan agreements: one made in 2011 and one made in 2013. Compl., ECF No. 1 (May 2, 2017).

Following a Chapter 11 Bankruptcy proceeding in the Southern District of New York, the loan agreement from 2013 was satisfied. Mem. in Supp. of Mot. for Summ. J., ECF No. 56-1 at 2–3 (Aug, 11, 2020) ("Pl.'s Mem."). People's United now moves for summary judgment on its first count related to the loan agreement from 2011. Mot. for Summ. J., ECF No. 56 (Aug. 11, 2020); Pl.'s Mem at 5–6.

For the following reasons, People's United's motion for summary judgment is

**GRANTED**.

Having determined that Plaintiff is entitled to summary judgment, as a matter of law, the Clerk of Court is respectfully directed to enter judgment in the amount of **$919,061.57** and close this case.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

Skip Barber Racing School LLC ("Racing School") is "a limited liability company

created under the laws of the State of Delaware." Pl.'s Local Rule 56(a)(1) Statement of Facts,

ECF No. 57 ¶ 1 (Aug. 11, 2020) ("Pl.'s SMF").

On January 25, 2011, People's United entered in to a Loan and Security Agreement with

the Racing School ("2011 Loan Agreement")" and "agreed to make available to the Racing

School . . . Line of Credit Loans . . . in an aggregate principal amount not to exceed one million

dollars ("2011 Note"). *Id.* ¶ 2 (citing Ex. 1 at Exs. A, B); Objection, ECF No. 58 at 2, 3 (Sept. 3,

2020) ("Def.'s Object.").

On the same date, "[Mr.] Culver, in order to induce People's [United] to make loans and

other financial accommodations to the Racing School [("Obligations")]. . . agreed to be

unconditionally liable to People's [United] for the due performance and prompt payment of all

the Obligations, together with all interest thereon and all other amounts chargeable thereon,

including all cost of collection, [and] including reasonable attorney's fees" ("2011 Culver

Guaranty"). Pl.'s SMF ¶ 4 (citing Ex. 1 at Ex. C); Def.'s Object. at 2, 3.

"At the time of the 2011 Loan Agreement and [2011 Culver] Guaranty, [Mr.] Culver was

President of the Racing School and owned more than 51% of [*sic*] company." Pl.'s SMF ¶ 3;

Def.'s Object. at 2.

People's United "fulfilled all of its obligations under the 2011 Loan Agreement." Pl.'s

SMF ¶ 5.

"The [2011] Loan Agreement is in default and Obligations have been accelerated and

demanded of both the Racing School and [Mr.] Culver." *Id.* ¶ 6.

Mr. Culver "has refused and failed to pay the indebtedness owed [under] the 2011 Note, or to otherwise duly perform the Obligations under the 2011 Loan Agreement and [2011 Culver] Guaranty." *Id.* ¶ 7.

Under the 2011 Loan Agreement and 2011 Note, People's United is owed "the principal sum of $554,085.72, plus accrued interest through July 14, 2020 in the amount of $197,445.95, which interest accrues at the per diem rate of $96.20, together with accrued late charges in the amount of $9,531.40 and costs of collection and reasonable attorney fees in the amount of $157,998.50 for a total of $919,071.57" (together, "2011 Debt"). *Id.* ¶ 8; *but see* Def.'s Object. at 3–4 ("D[efendant] denies the amount due of $919,071.57 alleged by P[laintiff] . . . P[laintiff] has not reconciled the alleged amount due nor shown any detail with respect to the role that the Small Business Administration ("SBA") guaranty played in the 2011 Note nor provided detail on P[laintiff's] legal fees in the current action in the amount of $157,998.50.").

Mr. Culver is liable for the 2011 Debt under the terms of the 2011 Culver Guaranty. *Id.* ¶ 9.

On September 12, 2013, People's United and the Racing School entered into a second Loan and Security Agreement in the amount of $200,000.00 ("2013 Loan Agreement") and "the obligations under the 2013 Loan Agreement have been fulfilled." *Id.* ¶ 10; Pl.'s Mem at 2–3; Pl.'s Resp. at 4.

### B.  Procedural History

On May 2, 2017, People's United filed its Complaint. Compl.

On September 11, 2017, the parties jointly filed a motion to stay the case, pending a related bankruptcy proceeding. Joint Ex Parte Mot. for Stay, ECF No. 9 (Sept. 11, 2017). The

next day, the Court granted this motion, staying the case for six months. Order, ECF No. 10 (Sept. 12, 2017).

On March 14, 2018, the parties filed a status report and joint motion to stay. Status Report and Mot. to Stay, ECF No. 11 (Mar. 14, 2018). The next day, the Court granted the motion to stay. Order Staying Case, ECF No. 12 (Mar. 15, 2018).

On May 23, 2018, the parties filed another status report and joint motion to stay. Status Report and Mot. to Stay, ECF No. 13 (May 23, 2018).

On September 10, 2018, People's United moved for default entry under Fed. R. Civ Procedure 55(a). Mot. for Default Entry, ECF No. 14 (Sept. 10, 2018). The Court granted the motion the next day. Order, ECF No. 15 (Sept. 11, 2018).

On October 3, 2018, Mr. Culver filed an objection to People's United's motion for default entry. Objection, ECF No. 17 (Oct. 3, 2018).

On October 9, 2018, People's United moved for default judgement. Mot. for Default J., ECF No. 16 (Oct. 9, 2018). The Court denied this motion. Order, ECF No. 18 (Oct. 10, 2018).

On October 15, 2018, Mr. Culver filed an Answer to the Complaint. Answer, ECF No. 22 (Oct. 15, 2018).

On October 18, 2018, the Court denied as moot the May 23, 2018 motion for stay and extension. Order, ECF No. 23 (Oct. 18, 2018).

On November 9, 2018, Mr. Culver filed an Amended Complaint with affirmative defenses. Am. Answer, ECF No. 25 (Nov. 9, 2018).

On January 2, 2019, People's United moved to dismiss Mr. Culver's counterclaim for lack of subject matter jurisdiction and strike his fourth affirmative defense. Mot. to Dismiss, ECF No. 27 (Jan. 2, 2019).

On January 23, 2019, Mr. Culver filed an objection to People United's motion to dismiss. Objection, ECF No. 34 (Jan. 23, 2019).

On January 30, 2019, People's United filed a reply to Mr. Culver's response to the motion to dismiss. Reply, ECF No. 36 (Jan. 30, 2019).

On February 7, 2019, Mr. Culver filed a response to People's United's reply. Response, ECF No. 37 (Feb. 7, 2019).

On August 21, 2019, the Court granted People's United's motion, dismissing Mr. Culver's affirmative defenses for lack of subject matter jurisdiction and striking his fourth affirmative defense—unclean hands—as inadmissible, prejudicial, and having no bearing on the case. Order, ECF No. 51 (Aug. 21, 2019).

On September 23, 2019, Mr. Culver notified the Court of his intent to appeal the Court's order granting People's United's motion to dismiss. Notice, ECF No. 52 (Sept. 23, 2019). On July 23, 2020, the Court denied any interlocutory appeal of its Order on People's United's motion to dismiss. Order, ECF No. 55 (July 23, 2020).

On August 11, 2020, People's United moved for summary judgment, Mot. for Summ. J., and attached a memorandum in support of its motion, Pl.'s Mem. On the same day, People's United filed its statement of material fact. Pl.'s SMF.

On September 3, 2020, Mr. Culver filed an objection to the motion for summary judgment. Objection, ECF No. 58 (Sept. 3, 2020) ("Def.'s Object.").

On September 15, 2020, People's United filed a response to Mr. Culver's objection. Response, ECF No. 59 (Sept. 15, 2020) ("Pl.'s Resp.").

On October 2, 2020, Mr. Culver filed a reply to People's United's response. Reply, ECF No. 62 (Oct. 2, 2020) ("Def.'s Reply").

On October 28, 2020, the Court held oral argument on the motion for summary judgment. Min. Entry, ECF No. 65 (Oct. 28, 2020).

## II.    STANDARD OF REVIEW

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient evidence to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original).

"[T]he substantive law will identify which facts are material." *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*; *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." (citing *Anderson*, 477 U.S. at 248)).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the non-moving party must do more than vaguely assert the existence of some

unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).

The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

A court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion. *See Dufort v. City of N.Y.*, 874 F.3d 338, 343 (2d Cir. 2017) ("On a motion for summary judgment, the court must resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.") (internal quotation marks omitted). A court will not draw an inference of a genuine dispute of material fact from conclusory allegations or denials, *see Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011), and will grant summary judgment only "if, under the governing law, there can be but one reasonable conclusion as to the verdict," *Anderson*, 477 U.S. at 250.

When deciding a motion for summary judgment, a court may review the entire record, including the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other evidence on file to determine whether there is any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pelletier v. Armstrong*, No. 3:99-cv-1559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007). In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in [his] favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013)

(citation omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

When a defendant is proceeding *pro se,* "the court must read the defendant's pleadings and other documents liberally and construe them in a manner most favorable to the defendant." *United States v. Whittlesey*, No. 3:09-cv-1726 (AWT), 2010 WL 1882283, at *2 (D. Conn. May 11, 2010)

> Moreover, because the process of summary judgment is 'not obvious to a layman,' the district court must ensure that a *pro se* defendant understands the nature, consequences and obligations of summary judgment. Thus, the district court may itself notify the *pro se* defendant as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the *pro se* defendant understands the nature, consequences, and obligations of summary judgment.

*Id.* (citing *Vital v. Interfaith Medical Ctr.,* 168 F.3d 615, 620–21 (2d Cir.1999)).

## III. DISCUSSION

### A. Notice to *Pro Se* Litigants

The Local Rules for the District of Connecticut require a party moving for summary judgment to attach a "Local Rule 56(a)(1) Statement" to its motion. D. Conn. L. Civ. R. 56(a)(1). In responding to the motion, the non-movant must also submit a "Local Rule 56(a)(2) Statement" admitting or denying the facts in the movant's Local Rule 56(a)(1) Statement and providing a list of disputed material facts. D. Conn. L. Civ. R. 56(a)(2). This District's Local Rules require

represented parties moving for summary judgment against *pro se* individuals to file and serve a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." D. Conn. L. Civ. R. 56(b).

This Court has previously determined that a failure to comply with the Local Rules prevented an evaluation of a summary judgment motion when the movant failed to file both a Local Rule 56(a) Statement as well as a Local Rule 56(b) Notice. *See Bunting v. Kellogg's Corp.*, No. 3:14-cv-621 (VAB), 2016 WL 659661, at *1 (D. Conn. Feb. 18, 2016) (collecting cases).

The Second Circuit, however, gives district courts "broad discretion to determine whether to overlook a party's failure to comply with local rules." *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 73 (2d Cir. 2001).

People's United filed a Local Rule 56(a)(1) Statement, but seemingly failed to file notice to Mr. Culver as required by Local Rule 56(b) due to his *pro se* status. The certificates of service associated with their motion and memorandum makes no reference at all to the required *pro se* notice. Mot. for Summ. J.; Pl.'s Mem.

Despite People's United's failure to fully comply with the Local Rules, Mr. Culver did respond to People's United's motion for summary judgment. Mr. Culver filed an objection, which although not a formal Local Rule 56(a)(2) statement, did address genuine issues of material fact, cite to summary judgment caselaw, and federal rule provisions. Def.'s Object. Mr. Culver also filed an additional reply, which also disputed material facts and cited to Fed. R. Civ. P. 56. Def.'s Reply.

These filings indicate that Mr. Culver "understands the nature, consequences, and obligations of summary judgment." *Whittlesey*, 2010 WL 1882283, at *2. Thus, the Court will proceed to the merits of People's United's motion for summary judgment, construing Mr. Culver's submissions liberally.

### B. Breach of Guaranty

"In Connecticut, [a] guarantee is a promise to answer for the debt, default or miscarriage of another . . . It is simply a species of a contract." *A.T. Clayton & Co. v. Hachenberger,* 920 F. Supp. 2d 258, 263 (D. Conn. 2013) (internal quotation marks and alterations omitted) (second alteration in original) (quoting *One Country, LLC v. Johnson*, 137 Conn. App. 810, 823 (2014)).

"'The moving party must prove that the contractual language is not susceptible to at least two fairly reasonable meanings.'" *Id.* (internal alteration omitted) (quoting *Elm Haven Const. Ltd. Partnership v. Neri Const., LLC,* 281 F. Supp. 2d 406, 408 (D. Conn. 2003)). "'If the moving party cannot establish unambiguous contract language, a material issue of fact exists concerning the parties' intent, which is a question of fact, thereby rendering summary judgment inappropriate.'" *Id.* at 263–64 (quoting *Elm Haven Const. Ltd. Partnership,* 281 F. Supp. 2d at 408). "[I]n the absence of a claim of ambiguity, the interpretation of [a] contract presents a question of law." *D'Amato Investments, LLC v. Sutton*, 117 Conn. App. 418, 424 (2009) (second alteration in original).

"The elements of a breach of contract claim are the (1) formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages." *Halkiotis v. WMC Mort. Corp.,* 144 F. Supp. 3d 341, 350–51 (D. Conn. 2015) (alterations omitted) (quoting *Meyers v. Livingston, Adler, Pulda, Meiklejohn and Kelly, P.C.*, 311 Conn. 282, 298 (2014)).

People's United argue that Mr. Culver breached the guaranty, asserting all for elements of a breach of contract claim. First, People's United claims (1) that "[t]here is no dispute that People's [United] entered into the 2011 Loan Agreement with the Racing School and that [Mr.] Culver agreed to be liable for the Obligations under the 2011 Loan Agreement by entering into

the [2011 Culver] Guaranty." Pl.'s Mem. at 4–5. Second, People's United claims that it

"performed all of its obligations of the 2011 Loan Agreement." *Id.* at 5.  Third and fourth,

People's United claims that "People's [United] demanded that [Mr.] Culver pay the indebtedness

owed [under] the 2011 Note and [2011 Culver] Guaranty, but [Mr.] Culver failed to pay." *Id.*

     Mr. Culver admits that he personally guaranteed the 2011 Note, but argues that the

Racing School was unable to satisfy its debts under the 2011 Loan Agreement due to the actions

of People's United. Def.'s Object. at 2–3. Mr. Culver asserts that because People's United

pursued a "writ of possession" and a temporary restraining order against the Racing School, the

Racing School was "unable to meet its commitment to its customers," "had no choice but to file

for [bankruptcy]," experienced "damages estimated to be in excess of $1 million" to its

"reputation and credibility," and sold its assets below a previously appraised value for a sum

which was "not sufficient to repay People['s United] in full." *Id.* at 2.

     Mr. Culver also maintains that there are genuine issues of facts still in dispute. *Id.* at 3–4.

Mr. Culver disputes (1) the alleged amount of indebtedness because People's United has not

"provide[d] a reconciliation" of payments made towards the debt or "detailed its legal fees;" (2)

People's United's "allegation that it . . . negotiated in good faith" because Mr. Culver "made

[three] offers of compromise without a counteroffer from [People's United]; and (3) the

legitimacy of People's United's claims because the Racing School "would have been able to

service the debt and remain in business" "[b]ut for [People's United's] actions which froze [the

Racing School's] revenue producing assets." *Id.* at. 5.

     The first three requirements of a breach of contract claim—agreement, performance,

failure to perform—have been met. First, Mr. Culver does not dispute that he entered into the

2011 Culver Guaranty with People's United, which made him personally liable for the 2011

Loan Agreement and 2011 Note. Second, Mr. Culver does not dispute that People's United fulfilled its obligation under the 2011 Loan Agreement by lending the Racing School funds that did not exceed one million dollars. And third, Mr. Culver does not dispute that he has failed to pay the indebtedness that he is personally liable for under the 2011 Culver Guaranty, 2011 Loan Agreement, and 2011 Note. Thus, People's United have established three requirements of their breach of guaranty claim. *See A.T. Clayton & Co.,* 920 F. Supp. 2d at 263 (treating breaches of guaranty claims like breaches of contract claims).

As for damages, Mr. Culver does not dispute that he is personally liable for the 2011 Loan Agreement and 2011 Note. Instead, he argues that there is a genuine issue of fact as to the amount of damages that is still in dispute that prevents summary judgment in People's United's favor.

People's United contends that Mr. Culver owes $919,071.57, which is meant to account for the principal sum due under the 2011 Loan Agreement and 2011 Note, interest accrued through July 14, 2020, late charges, and attorney's fees. Pl.'s Mem. at 5 (citing Pl.'s SMF ¶ 8 (citing Pl.'s Local Rule 56(a)(1) Statement of Facts Ex. 2, ECF No. 57-2 (Aug. 11, 2020) ("Exhibit 2"); Pl.'s Local Rule 56(a)(1) Statement of Facts Ex. 2, ECF No. 57-3 (Aug. 11, 2020) ("Exhibit 3"))).

Mr. Culver argues that there is a genuine issue of material fact as to the amount of damages owed because "[People's United] has yet to provide a reconciliation of payments made, proceeds applied from the sale of [the Racing School] assets in Chapter 11, any recoveries from the [Small Business Association] and balance due on the 2011 Note . . . . [nor] has [People's United] detailed its legal fees." Def.'s Object. at 5.

People's United counters that "[Mr. Culver] admitted all the underlying elements of People's [United's] claims except for questioning how People's [United] applied the bankruptcy sale proceeds to [the Racing School's] outstanding debts" and "[Mr.] Culver's request for 'reconciliation' of his outstanding balance is not sufficient to defeat summary judgment." Pl.'s Resp. at 1. People's United also provides additional details as to the calculation of the debt, *id.* at 4 (citing Resp. Ex. A, ECF No. 59-1 (Sept. 15, 2020) ("Exhibit A"); Resp. Ex. B, ECF No. 59-2 (Sept. 15, 2020) ("Exhibit B"); Resp. Ex. C, ECF No. 59-3 (Sept. 15, 2020) ("Exhibit C"); Resp. Ex. D, ECF No. 59-4 (Sept. 15, 2020) ("Exhibit D"); Resp. Ex. E, ECF No. 59-5 (Sept. 15, 2020) ("Exhibit E")), as well as an explanation of the reasonableness of attorney's fees, *id.* at 5.

Mr. Culver asserts that People's United's response "does not address the role of the Small Business Administration . . . guarantee for significant portions of the loans" and does "not disclos[e] how the [Small Business Administration] may have offset [People's United]'s losses on the loans." Def.'s Reply at 1. In Mr. Culver's view, this "establishes that this is a material fact at issue." *Id.*

The Court disagrees.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In this case, the amount of indebtedness does not affect the outcome of the breach of guaranty claim. Under the 2011 Culver Guaranty, Mr. Culver is personally liable for the 2011 Debt regardless of the amount, and thus, it is not a material fact.

In *A.T. Clayton v. Hachenberger,* the Court found that the amount of indebtedness could be a material fact, but only "because the amount owed [wa]s pivotal to the question of whether [the defendant] breached the Guaranty, and because [the plaintiff] completely neglected to argue

that the amount owing [wa]s still sufficient to sustain a breach despite these inconsistencies . . . ." 920 F. Supp at 267. In this case, the 2011 Culver Guaranty is not triggered by the amount of indebtedness, but by the Racing School's default on its debts under the 2011 Loan Agreement and 2011 Note. Pl.'s SMF ¶ 4 ("[Mr.] Culver . . . agreed to be unconditionally liable to People's [United] for the due performance and prompt payment of all the [loans], together with all interest . . . all other amounts chargeable . . . including all costs of collection . . . [and] attorney's fees."). As the Racing School is unable to pay its debts and Mr. Culver is personally liable, the fourth and final requirement for a breach of guaranty claim, damages, has been satisfied.

Accordingly, summary judgment as to the first count for breach of guaranty will be granted.

### C. Affirmative Defenses

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case.

*A.T. Clayton & Co.,* 920 F. Supp. 2d at 268 (internal quotation marks omitted).

In his amended Answer, Mr. Culver raised four affirmative defenses. Am. Answer. Mr. Culver claimed: (1) "[t]he Complaint fails to state a claim upon which relief may be granted," (2) lack of consideration for the 2011 Culver Guaranty, (3) "[he] reserves his right to amend his answer and to assert further affirmative defenses as they become evident through discovery, investigation and the production of his defense," and (4) unclean hands. Am. Answer at 5.

In its order granting People's United's motion to dismiss, the Court struck Mr. Culver's fourth affirmative defense. Order, ECF No. 51. The Court now will address Mr. Culver's remaining affirmative defenses.

### 1.   Failure to state a claim upon which relief may be granted

Mr. Culver asserts that People's United's Complaint "fails to state a claim upon which relief may be granted," Am Answer at 5, but does not address this affirmative defense in his filings related to summary judgment.

People's United asserts that Mr. Culver "has not raised any factual issues concerning any of his affirmative defenses," Pl.'s Resp. at 3, and argues that the first affirmative defense fails because it "has alleged and proven each necessary element for a claim of breach of guaranty." Pl.'s Mem. at 5

The Court agrees.

As discussed above, People's United has shown all the elements necessary to satisfy its breach of guaranty claim. Mr. Culver has not presented any evidence or factual allegations that call into question People's United's breach of guaranty claim or that bolster this defense in any way.

Accordingly, Mr. Culver's first affirmative defense fails.

### 2.   Lack of consideration

"In Connecticut, 'the recital of consideration acknowledged as received is prima facie evidence of the fact recited.'" *A.T. Clayton & Co,* 920 F. Supp. 2d at 265 (quoting *Motiva Enterprise LLC v. W.F. Shuck Petroleum,* No. 10–cv–793 (JCH), 2012 WL 601245, *14 n. 14 (D. Conn. Feb. 22, 2012)). "Courts . . . [also] have found that extension of additional credit can be sufficient consideration for both preexisting and prospective debts." *Id.* (referencing *C.I.T. Corp. v. Deering,* 119 Conn. 347, 176 A. 553 (Conn.1935)); *see also Superior Wire & Paper Prod., Ltd. v. Talcott Tool & Mach., Inc.,* 184 Conn. 10, 21 (1981).

For his second affirmative defense, Mr. Culver argues that "[t]he personal guarantees, [2011 Culver] Guaranty . . . fail for lack of consideration." Am. Answer at 5. People's United argue that there was consideration because "[a] the time of the 2011 Loan Agreement and [2011 Culver] Guaranty, . . . [Mr.] Culver understood his guaranty would induce People's [United] to provide additional loan proceeds to the Racing School, which in turn conferred a direct benefits to him as a majority owner" of the Racing School. Pl.'s Mem. at 6.

The Court agrees.

First, the 2011 Culver Guaranty contains explicit language acknowledging consideration in the agreement. *See* Pl.'s Local Rule 56(a)(1) Statement of Facts Exs. A-C, ECF No. 57-1 at 76 (Aug. 11, 2020) ("Exhibit 1"). People's United also maintain that the 2011 Culver Agreement was created "in order to induce People's [United] to make loans and financial accommodations to the Racing School." Pl.'s SMF ¶ 4. Mr. Culver also admits that he "personally guaranteed" the 2011 Loan Agreement and 2011 Note. Def.'s Object. at 2.

Because there is a "recital of consideration" and an "extension of . . . credit," *see A.T. Clayton & Co,* 920 F. Supp. 2d at 265, in this case, the Court finds that the 2011 Culver Guaranty does not lack consideration and Mr. Culver's second affirmative defense fails.

### 3.  Right to amend and further assert affirmative defenses

Finally, as his third affirmative defense, Mr. Culver "reserves his right to amend his Answer and to assert further affirmative defenses as they become evident through discovery, investigation and the prosecution of his defense." Am Answer at 5. People's United argue that this defense is "irrelevant." Pl.'s Mem. at 6.

In his submissions related to summary judgment, Mr. Culver raised several new arguments. Mr. Culver argued that he requested a "reconciliations of balances due," Def.'s

Object at 3; that the attorney's fees at issue "appear excessive and have not been substantiated," *id.* at 4; that he made three offers to settle without counteroffers from People's United, *id.* at 5; that People's United has "not addressed the role of the Small Business Administration guarantee for significant portions of the loans . . . [and] not disclos[ed] how the Small Business Administration may have offset [his] losses," Def.'s Reply at 1; and that he should "have the opportunity to review" and to "cross examine" documentation and witnesses related to the underlying bankruptcy proceedings, *id.* at 1–2. He also reasserted elements of his unclean hands affirmative defense, arguing that People's United was responsible for the Racing School's inability to pay its debts. Def.'s Object. at 5.

None of these arguments successfully refute People's United's breach of guaranty claim. As discussed above, the amount of the debt is not dispositive of the breach of guaranty claim in this case, so a lack of "reconciliation" is not pertinent. People's United has provided an accounting of the attorney's fees calculation, s*ee* Exhibit 3, and again, the amount of fees is not dispositive. People's United also is not required to negotiate a settlement with Mr. Culver. As for the Small Business Administration, these arguments also go to the amount of debt, which does not affect the outcome of the breach of guaranty claim. And lastly, while the Court acknowledges that the volume of documentation may be burdensome to a *pro se* defendant, Mr. Culver's filings indicate that he understood the nature and consequences of a summary judgment motion and he still failed to provide any evidence to negate the breach of guaranty claim.

Accordingly, Mr. Culver's third affirmative defense fails as well.

**IV.   DAMAGES**

On October 28, 2020, the Court held oral argument on People's United's motion for summary judgment and the parties addressed the amount of judgment to be awarded should the motion be granted. Min. Entry, ECF No. 65.

      **a.**      **Offsets by the Small Business Administration**

At oral argument, Mr. Culver agreed that he was liable under the 2011 Loan Agreement and 2011 Note, but again raised arguments regarding the Small Business Administration. Mr. Culver contends that the Small Business Administration partially guaranteed the 2011 Loan Agreement, and argues there is a genuine issue of material fact as to what offsets, if any, to the balance due under the 2011 Loan Agreement and 2011 Note have been made, or will be made, by the Small Business Administration.

People's United argued that, as a matter of law, Mr. Culver is not entitled under the 2011 Loan Agreement, 2011 Note, or 2011 Culver Guaranty to any offset by a third party such as the Small Business Administration. People's United also argued that, as a matter of fact, the Small Business Administration has not offset the balance due under the 2011 Loan Agreement or 2011 Note and that any process to recover through the Small Business Administration would not be completed until it fully pursued recovery from Mr. Culver.

The Court agrees.

Nothing in the language of the 2011 Loan Agreement, 2011 Note, or 2011 Culver Guaranty entitles Mr. Culver to offset his liability. Exhibit 1 at 76 ("[T]he undersigned agrees to be, without deduction by reason of set-off, defense or counterclaim, unconditionally liable to you for the due performance of all of the Obligations, both past, present and future . . . ."). As he has repeatedly acknowledged, Mr. Culver is personally liable for the balance of the 2011 Loan

18

Agreement and 2011 Note under the 2011 Culver Guaranty. Any potential recovery People's United may receive from the Small Business Administration is irrelevant to his liability. *Cf. HSBC Bank USA, N.A. v. Hunter Delivery Sys., Inc.*, No. 09-cv-5562 LTSHBP, 2010 WL 2598195, at *5–*6 (S.D.N.Y. June 28, 2010) (granting the Small Business Administration's motion to dismiss the defendant debtor's third-party claims because the underlying action related to a breach of contract and guaranty and the defendant debtor "proffer[ed] no coherent legal argument at to why the [Small Business Administration] [was] derivatively liable for the debt owed to [the plaintiff bank].").

And as there has been no recovery from the Small Business Administration to date, past offsets are not at issue. *See* Exhibit A (declaration of Jon Gasior regarding transaction history for the 2011 Loan Agreement); Exhibit E at 2–49 (records of transactions made to the balance of 2011 Loan Agreement, indicating no payments received from the Small Business Administration).

Accordingly, the Court will not consider the Small Business Administration in the calculation of damages.

### b.    Reasonable Attorney's Fees

At oral argument, Mr. Culver also raised issues with People's United's calculation of its attorney's fees. Mr. Culver contested the time period for which attorney's fees were being requested, arguing that the fees incurred before default were not reasonable.

People's United responded that the scope of the attorney's fees contemplated in 2011 Culver Guaranty encompassed all legal work related to the 2011 Loan Agreement and 2011 Note, not just legal work related to the default.

The Court agrees.

The 2011 Culver Guaranty states "undersigned agrees to pay all costs of collection, including, without limitation, reasonable attorney's fees, which may be incurred by you in collecting any or all of the Obligations and/or in enforcing any rights hereunder." Exhibit 1 at 76. The plain language of this provision indicates that Mr. Culver is liable broadly for attorney's fees related to the 2011 Loan Agreement and 2011 Note. *See TransAtlantic Lines LLC v. United States*, No. 3:06-cv-354 (JCH), 2007 WL 735705, at *2 (D. Conn. Mar. 5, 2007) ("[I]f the provisions [of a contract] are clear and unambiguous, they must be given their plain and ordinary meaning . . . .").

Thus, attorney's fees before the date of default are reasonable under the 2011 Culver Guaranty.

Mr. Culver also argued that approximately one hundred and fifty entries detailing the legal work at issue were redacted and that he was entitled to view entries unredacted. Mr. Culver, however, puts forth no legal or factual basis for his entitlement to these unredacted entries. Moreover, these various entries reveal the type of work performed. *See, e.g.*, Exhibit 3, ECF No. 57-3 at 6 (entries describing work performed as "file review; review [redacted]; draft Payment Default Notice to CMS" and "Document review and analysis; legal research regarding [redacted]").

Accordingly, People's United's explanation of its attorney's fees as well as the amount of attorney's fees are reasonable.

**c.    Amount of Damages**

As determined above, under the 2011 Culver Guaranty, People's United is entitled to recover from Mr. Culver the remaining balance on 2011 Loan Agreement and 2011 Note,

"together with all interest thereon and all other amounts chargeable thereon, including all costs

of collection, including reasonable attorney's fees." Pl.'s SMF ¶ 4.

People's United submits the following damages calculation:

> There is presently due and owing to People's [United] . . . [under]
> the 2011 Loan Agreement and the 2011 Note the principal sum of
> $554,085.72, plus accrued interest through July 14, 2020 in the
> amount of $197,445.95, which interest accrues at the per diem rate
> of $96.20, together with accrued late charges in the amount of
> $9,531.40 and costs of collection and reasonable attorney fees in the
> amount of $157,998.50 . . . .

Pl.'s SMF ¶ 8; *see also* Exhibit A; Exhibit E; Exhibit 3.

Having determined that there is no basis for doubting the amounts sought, as discussed

further above, the Court adopts these calculations and finds that Mr. Culver is liable to People's

United in the amount of $919,061.57.[1]

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**.

Having determined that Plaintiff is entitled to summary judgment, the Clerk of Court is

respectfully directed to enter judgment in the amount of **$919,061.57** and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November, 2020.


/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] People's United states that the total indebtedness is "$919,071.57." Pl.'s SMF ¶ 8 ("There is presently due and owing to People's pursuant to the 2011 Loan Agreement and the 2011 Note the principal sum of $554,085.72, plus accrued interest through July 14, 2020 in the amount of $197,445.95, which interest accrues at the per diem rate of $96.20, together with accrued late charges in the amount of $9,531.40 and costs of collection and reasonable attorney fees in the amount of $157,998.50 for a total of $919,071.57."). The Court's calculation of the underlying figures provided by People's United finds the figure, $919,071.57, to be in error and that the undisputed record supports another figure. Thus, the Court provides this new total, **$919,061.57**, which accurately represents the sum of the Obligations outlined by People's United ($554,085.72 + $197,445.95 + $9,531.40 + $157,998.50). *See Id.*